IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CRUM & FORSTER SPECIALTY INSURANCE COMPANY,**<br>           **Plaintiff,**<br><br>           v.<br><br>**STRONG CONTRACTORS, INC.,**<br>           **Defendant.** | **CIVIL ACTION**<br><br><br><br>**NO. 19-3519** |

**DuBois, J.**                                                                                          **September 18, 2020**

# M E M O R A N D U M

## I.     INTRODUCTION

This declaratory judgment action involves an insurance company, Crum & Forster Specialty Insurance Company ("CFSIC"), which seeks a declaration that the insurance policy it issued to its insured, Strong Contractors, Inc. ("Strong"), is void *ab initio* due to Strong's alleged fraud and misrepresentations in the procurement of the policy.

Presently before the Court is a Motion to Be Joined as a Necessary Party filed by Tyrone Tyler, a plaintiff in pending state court proceedings against Strong. In his motion, Tyler requests that the Court decline to exercise jurisdiction under the Declaratory Judgment Act ("DJA") or, in the alternative, that he be joined in this matter as a necessary party.

For the reasons set forth below, the Court concludes Tyler lacks a sufficient interest in this matter to qualify for joinder or intervention under Federal Rules of Civil Procedure 19 and 24. For that reason, and the fact that Strong has failed to appear, resulting in a default—depriving the Court of an opportunity to rule on the merits—the Court declines to exercise jurisdiction over this declaratory judgment action.

## II.     BACKGROUND

In early 2017, CFSIC issued a commercial general liability insurance policy (the "Policy") to Strong.  Doc. No. 1 at 18.  The Policy (1) provides liability insurance coverage for Strong from March 28, 2017 to March 28, 2018; and (2) requires CFSIC to "pay those sums that [Strong] becomes legally obligated to pay as damages because of 'bodily injury' . . . to which this insurance applies."  *Id*. at 28.

Tyler claims that, during the policy period, he suffered "catastrophic injuries" due to Strong's negligence.  Tyler Mot. at 2–3.  Specifically, Tyler asserts that, on July 12, 2017, he "fell several feet through an improperly concealed floor" at a construction site because Strong negligently failed to barricade an opening in the floor.  *Id*.  To recover for his alleged injuries, Tyler filed two lawsuits, in October 2017 and February 2019, in the Philadelphia County Court of Common Pleas.

On August 5, 2019, CFSIC filed its Complaint in this matter seeking rescission of the Policy on the ground that, in the application for insurance, Strong misrepresented the location of its business and the identity of its president.  Doc. No. 1 at 9–11.  Approximately two months later, on October 9, 2019, the Clerk of Court entered a default against Strong because it "never filed an Answer or otherwise responded to the Complaint."  Doc. No. 8.  On January 13, 2020, CFSIC moved for a default judgment against Strong.  Doc. No. 9.

On January 29, 2020 and February 14, 2020, the Court received letters from Tyler and other state court litigants with an interest in this case, asking that the Court temporarily refrain from deciding CFSIC's motion for default judgment.  In particular, Tyler argued that "it would be patently unfair to enter a default judgment" while discovery continues in state court, and the other state court litigants asked for additional time to "determine[] whether intervention is

necessary to protect [their] interests herein." Doc. Nos. 13, 17. On August 14, 2020, in response to those letters, as well as subsequent status reports submitted by CFSIC and Tyler (*see* Docs. 18, 19), the Court deferred taking action on CFSIC's motion for default judgment "until the issue of intervention is resolved." Doc. No. 20.

On August 20, 2020, Tyler filed a Motion to Be Joined as a Necessary Party Under Federal Rule of Civil Procedure 19, in which he requested that the Court decline to exercise jurisdiction or, in the alternative, that he be joined in this matter. Tyler Mot. at 1. CFSIC filed its response on August 27, 2020. The motion is thus ripe for decision.

### III.   DISCUSSION

In its response to Tyler's motion, CFSIC makes the following three arguments: (1) Tyler lacks a sufficient interest in this matter to be joined under Rule 19; (2) Tyler also lacks a sufficient interest to intervene under Rule 24; and (3) the multi-factor test provided in *Reifer v. Westport Insurance Company*, 751 F.3d 129 (3d Cir. 2014) weighs in favor of retaining jurisdiction.[1] CFSIC Resp. at 4–19. The Court addresses each argument in turn.

#### A.   Tyler is Not a Necessary Party Under Federal Rule of Civil Procedure 19

CFSIC argues that Tyler cannot be joined under Rule 19 because "a party is only 'necessary' to an action if it has a legally protected interest, and not merely a financial interest, in the action." CFSIC Resp. at 13.

To qualify as a necessary party under Rule 19(a)(1)(B), an absent party must claim "an interest relating to the subject of the action."[2] In *Liberty Mut. Ins. Co. v. Treesdale, Inc.*, the

---

[1] CFSIC also argues that Tyler's request to intervene under Rule 24 was "clearly not timely made." CFSIC Resp. at 15. Upon consideration of the totality of the circumstances, the Court concludes that Tyler's request for intervention was timely. The Court's conclusion is supported by the fact that Tyler filed his motion just six days after the Court issued an order permitting him to do so (*see* Doc. No. 19).

[2] Tyler does not argue that, in his absence, "the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A). Accordingly, the Court will confine its analysis of Rule 19 to subsection (a)(1)(B).

3

Third Circuit clarified that a mere "financial interest" is not a legally protected interest under the rule.  419 F.3d 216, 230 (3d Cir. 2005).

Tyler's interest in this case is clearly a financial one.  He has an interest in whether CFSIC "will pay *those sums that [Strong] becomes legally obligated to pay* as damages" under its insurance policy.  Tyler Mot. at 3 (emphasis added).  Tyler relies upon *Bhd. Mut. Ins. Co. v. Salem Baptist Church of Jenkintown* to argue that injured third parties in an insurance coverage dispute are necessary because they have "a concrete and particularized" interest in the dispute.  No. 10-cv-7072, 2012 WL 1526851, at *4 (E.D. Pa. Apr. 30, 2012).  The *Salem Baptist* court concluded that a more recent Third Circuit case, *Am. Auto. Ins. Co. v. Murray*, 658 F.3d 311 (3d Cir. 2011), superseded the 2005 *Treesdale* decision that financial interests in insurance disputes were insufficient under Rule 19.  *Salem Baptist*, 2012 WL 1526851, at *4.  The Court is unpersuaded by *Salem Baptist* and instead concludes *Treesdale* is still good law with respect to Rule 19.

Courts in this Circuit have addressed the question of whether *Murray* superseded *Treesdale*'s holding with respect to Rule 19, and the majority have ruled that it did not.  *Acceptance Indem. Ins. Co. v. JJA Auto Sales, LLC*, No. 15-02954, 2016 WL 3761243, at *1 n.2 (E.D. Pa. July 12, 2016) ("[T]he weight of authority is that the injured party is not a necessary party"); *Scottsdale Ins. Co. v. RSE Inc.*, 303 F.R.D. 234, 238 (E.D. Pa. 2014) ("[W]e do not find *Murray* . . . applicable to our Rule 19 analysis"); *Hartford Cas. Ins. Co. v. Cardenas*, 292 F.R.D. 235, 240 (E.D. Pa. 2013) ("This Court ultimately declines to follow *Salem Baptist*, concluding instead that *Treesdale* remains good law regarding Rule 19(a)(1)(B) – that mere financial interests in the outcome of an insurance dispute remain insufficient to warrant joinder as required parties").

This Court agrees with the above-cited majority that *Murray* did not supersede *Treesdale*. That ruling is based primarily on the fact that, unlike *Treesdale* (and this case), the *Murray* decision was grounded on whether a *named defendant* had *standing* to remain in the case. *Murray*, 658 F.3d at 318 n.4 ("Our *Treesdale* opinion is inapplicable because . . . [it] altogether failed to discuss or address the principle of standing.").[3] Unlike *Murray*, Tyler is not a named defendant, and thus there is no issue regarding whether he has standing to remain in this case.

For the foregoing reasons, the Court denies Tyler's motion to the extent he seeks joinder as a necessary party under Rule 19.

### B. Tyler Cannot Intervene Under Federal Rule of Civil Procedure 24

CFSIC argues that Tyler may not intervene as of right under Rule 24(a) or through permissive intervention under Rule 24(b). The Court agrees.

#### i. Tyler May Not Intervene as of Right Under Rule 24(a)

To qualify for intervention as of right, an absent party must demonstrate an "interest relating to the property or transaction that is the subject of the action." Fed. R. Civ. P. 24(a)(2). The Third Circuit has a long-standing rule that "a mere economic interest in the outcome of litigation is insufficient to support a motion to intervene. Thus, *the mere fact that a lawsuit may impede a third party's ability to recover in a separate suit ordinarily does not give the third party a right to intervene*." *Treesdale,* 419 F.3d at 221 (emphasis added) (quoting *Mt. Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 366 (3d Cir. 1995)). Even *Murray* (discussed *supra* in connection with Rule 19), acknowledged that *Treesdale* remains good law as to Rule 24. *Murray*, 658 F.3d at 318 n.4; *see also Hartford*, 292 F.R.D. at 244

---

[3] Tyler also relies on *Fed. Kemper Ins. Co. v. Rauscher*, 807 F.2d 345 (3d Cir. 1986) to support the argument that he should be joined under Rule 19. Like *Murray*, *Rauscher* is not controlling because it decided whether an injured person *named as a defendant* would have *standing* to defend against a plaintiff-insurer after its co-defendant, the insured, had defaulted.

("*Murray* unequivocally stated that *Treesdale's* interest analysis for Rule 24 remained good law").

Given that Tyler merely has an economic interest in the outcome of this action, he may not intervene as of right under Rule 24(a).

> ii. Tyler May Not Intervene Through Permissive Intervention Under Rule 24(b)

To qualify for permissive intervention, an absent party must demonstrate "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). An absent party with merely a "contingent financial interest in a declaratory judgment action to establish insurance coverage" cannot "accurately claim that there are common questions of law or fact between the coverage dispute and actions to determine liability for injuries." *Treesdale*, 419 F.3d 216, 227–28; *see also Liberty Mut. Ins. Co. v. Pacific Indem. Co.*, 76 F.R.D. 656, 660 (W.D. Pa. 1977) (Rule 24(b) requires more than a mere "coincidence of financial interests").

Given the contingent financial nature of Tyler's interest, he may not intervene through permissive intervention under Rule 24(b).

**C.  The Court Declines to Retain Jurisdiction**

CFSIC also argues that, based on the multi-factor test provided by the Third Circuit in *Reifer*, the Court should retain jurisdiction over this matter.

> i. The Court May Properly Consider This Argument

CFSIC argues that, because the Court did not expressly permit Tyler to challenge the Court's jurisdiction, the Court should "simply decline to consider this argument." CFSIC Resp. at 8. The Court rejects CFSIC's request. Regardless of whether Tyler was permitted to raise this issue, the Court may *sua sponte* exercise its discretion not to hear a declaratory judgment action.

*State Auto Ins. Cos. v. Summy*, 234 F.3d 131, 136 (3d Cir. 2000). The Court thus turns to the question whether it should retain jurisdiction.

> ii. *The Reifer Factors Weigh in Favor of Declining Jurisdiction*

The Third Circuit has set forth a list of factors for courts to consider when determining whether to retain jurisdiction under the DJA:

> (1) the likelihood that a federal court declaration will resolve the uncertainty of obligation which gave rise to the controversy;
>
> (2) the convenience of the parties;
>
> (3) the public interest in settlement of the uncertainty of obligation;
>
> (4) the availability and relative convenience of other remedies;
>
> (5) a general policy of restraint when the same issues are pending in a state court;
>
> (6) avoidance of duplicative litigation;
>
> (7) prevention of the use of the declaratory action as a method of procedural fencing or as a means to provide another forum in a race for res judicata; and
>
> (8) (in the insurance context), an inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion.

*Reifer*, 751 F.3d at 146. The Court examines each of these factors in turn, and notes at the outset that factors one, three, four, five, six, and seven weigh against retaining jurisdiction.

The first factor weighs against jurisdiction because Strong's absence prevents the Court from reaching the merits of the controversy. If the Court accepted jurisdiction and granted CFSIC's unopposed motion for default judgment against Strong as it would be required to do, this would—without any litigation on the merits—conclusively decide the issue of coverage in CFSIC's favor. *In re Roloff*, 598 F.2d 783, 789 n.24 (3d Cir. 1979).

Given the intertwined nature of this matter and the underlying actions filed by Tyler, such a result would be inequitable. Had CFSIC filed this declaratory action in state court, unlike in federal court, Tyler would be an indispensable party. *Vale Chem. Co. v. Hartford Acci. & Indem. Co.*, 512 Pa. 290, 293–94 (1986) ("[The Pennsylvania] Supreme Court has consistently held that where claims are asserted against an insured, the persons asserting the claims are indispensable parties in a declaratory judgment action on the issue of coverage between the insured and the insurance carrier. The failure to join a claimant whose interests would be affected has been held to be fatal error.").

Courts in this Circuit have recognized this issue and declined jurisdiction as a result. *Esurance Ins. Co. v. Bowser*, No. 16-5739, 2017 WL 1910139, at *3 (E.D. Pa. May 8, 2017) ("We also take into account that Defendants have failed to defend. This failure deprives the Court of the benefits of zealous advocacy"); *Emplrs. Mut. Cas. Co. v. Burke Landscaping, Inc.*, No. 13-4043, 2014 WL 981195, at *2 (E.D. Pa. Mar. 13, 2014) (declining jurisdiction rather than granting default judgment because the defendant "at the very least, had no reason to be in this suit in the first place"); *Access Ins. Co. v. Carpio*, 861 F. Supp. 2d 539, 541 (E.D. Pa. 2012) ("Given that all of the parties are not present in this action and that it would be more efficient to have these state court issues addressed by the state court already considering related matters . . . I decline to exercise jurisdiction over this declaratory judgment action.").

The third factor weighs against jurisdiction because, "while the public has great interest in the law governing [insurance] contracts in general," there is "no pressing public interest" in this case being resolved in federal court. *Osenbach v. Allstate Fire & Cas. Ins. Co.*, 135 F. Supp. 3d 315, 319 (E.D. Pa. 2015). CFSIC alleges only issues related to state contract law, and

8

therefore its desire "to receive declarations in federal court . . . has no special call on the federal forum." *Summy*, 234 F.3d at 136.

The fifth and six factors weigh against retaining jurisdiction because, if it were permitted to proceed in federal court, this matter would likely reach a conclusion that overlaps with issues currently pending in state court. CFSIC argues that this case presents issues distinct from those pending in state court "because there is no pending state court declaratory judgment action." CFSIC Resp. at 7. In *Atl. Mut. Ins. Co. v. Gula*, the Third Circuit rejected this argument. 84 F. App'x 173 (3d Cir. 2003). In *Gula*, like this matter, the insurer argued that a federal declaratory action was distinct from state personal injury actions because the state actions did not "expressly deal with the issue of [insurance] coverage." *Id*. at 175. In rejecting this argument, the Court opined that "even if the coverage issue is not currently pending, *it will as a matter of logic necessarily arise before the matter is concluded in state court*," e.g., in state court garnishment proceedings. *Id*. (emphasis added). This Court agrees with the reasoning in *Gula*. These federal and state proceedings will, "as a matter of logic," involve the same issues. *Id.*; *Scottsdale Ins. Co. v. Broaddus*, No. 08-3241, 2009 WL 349697, at *3 (E.D. Pa. Feb. 11, 2009) ("Under Pennsylvania law, garnishment is a well-settled, viable remedy," and therefore there was a "great likelihood that [insurance] coverage issues will arise before the state court matter is concluded."). Accordingly, the potential for overlap between federal and state actions militates against retaining jurisdiction.

The fourth and seventh factors weigh against retaining jurisdiction because it appears CFSIC "filed this action in federal court for one and only one reason"—to "avoid" the need to join Tyler in the suit. Tyler Mot. at 4–5. Rather than filing suit in state court—where Tyler is an indispensable party—CFSIC now seeks to rely upon the federal procedural rules to keep Tyler

out of this litigation.  The Court rejects CFSIC's attempt at procedural fencing and its use of the federal forum to race to a ruling—which would trigger *res judicata*—that it could have sought in state court.  *Schuldiner v. K Mart Corp.*, 284 F. App'x 918, 921 (3d Cir. 2008) ("It has long been determined that a default judgment is a final judgment with *res judicata* effect.").

The remaining *Reifer* factors are neutral.  As to the second factor, both the federal and state forums should be equally convenient for the parties because this Court is located just blocks from the Philadelphia County Court of Common Pleas, the state court where Tyler filed the underlying actions.  Finally, the eighth factor is neutral because the "inherent conflict" between an insurer's duty to defend under an insurance policy and its assertion of a policy exclusion would also be presented in a state court action for declaratory judgment.  *Reifer*, 751 F.3d at 146.

In short, after balancing the *Reifer* factors, the Court concludes that they weigh strongly against retaining jurisdiction.  Accordingly, the Court declines to exercise jurisdiction.

## IV.   CONCLUSION

For the foregoing reasons, the Court declines to exercise jurisdiction and dismisses this action without prejudice.  An appropriate order follows.